**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MAUREEN ALEXANDER and
JOHN KORMAN,

    Plaintiffs,

vs.                               CASE NO. 8:14-CIV-1552-T-EAK-EAJ

SUNTRUST MORTGAGE, INC.,
JOHN MALDONADO, an individual,
ISGN FULFILLMENT SERVICES, INC.,
MARSHALL C. WATSON, Esq., an individual,
MARSHALL C. WATSON, P.A.,
CHOICE LEGAL GROUP, P.A.,
STOREY LAW GROUP, P.A.,
NATIONSTAR MORTGAGE LLC,
CARRINGTON MORTGAGE SERVICES, LLC,
WILMINGTON SAVINGS FUND SOCIETY, FSB,
STANWICH MORTGAGE LOAN TRUST, SERIES 2012-13
and CHRISTIANA TRUST,

    Defendants.
_____/

**ORDER GRANTING MOTIONS AND DISMISSING CASE**

This cause is before the Court on the Plaintiffs' amended complaint (Doc. 5) and the following motions and responses: ISGN Fulfillment Services, Inc.'s (ISGN Inc.) motion to dismiss (Doc. 8) and response (Doc. 20); Nationstar Mortgage LLC's (Nationstar) motion for judgment on the pleadings as to John Korman (Doc. 14) and response (Doc. 23); Suntrust Mortgage, Inc.'s (Suntrust) motion to dismiss (Doc. 16),

response, and reply (Docs. 35 and 43); Choice Legal Group, P.A., Marshall C. Watson, P.A. and Marshal C. Watson, Esquire's (Choice Defendants) motion to dismiss (Doc. 37); Carrington Mortgage Services, LLC's (Carrington) motion to dismiss (Doc. 39); Christiana Trust's (Christiana) motion to dismiss (Doc. 44); Storey Law Group, P.A.'s (Storey) motion to dismiss (Doc. 45) and response to motions at document numbers 37, 39, 44 and 45; Wilmington Savings Fund Society, FSB's (Wilmington) motion to dismiss (Doc. 83) and response (89); Stanwich Mortgage Loan Trust, Series 2012-13's (Stanwich) motion to dismiss; and Nationstar's motion for judgment on the pleadings against Maureen Alexander (Doc. 95) and response (Doc. 103).  The Court notes that this case has been pending since June 27, 2014, but that the Plaintiffs have failed to effect service of process on John Maldonado, an individual.  That defendant will be dismissed from this case for failure to properly serve within the time allotted.

BACKGROUND

The Plaintiffs filed an 81 page amended complaint, with in excess of 200 pages of exhibits (Doc. 5), naming twelve defendants and alleging nine causes of action.  The amended complaint claims that both Maureen Alexander and John Korman are "title-holders" of property in Holiday, Florida and that the action is a "direct result of a wrongful foreclosure action" which was commenced by Suntrust through the office of Marshal C. Watson.  (Doc. 5, pg. 8) The following allegations are set out in the amended complaint as the facts underlying this case.

On February 25, 2008, Maureen Alexander executed and delivered a promissory

note to Choice Mortgage Bank (Choice Bank) and, further executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc.  In or about the year 2009, Maureen Alexander fell behind in her mortgage payments and then, due to a "wrongful and unverified foreclosure action", lost the tenant at the subject property and fell further behind.  The Plaintiffs assert that, once the tenant vacated, the property was vandalized and became uninhabitable and that everything that happened is due to the filing of a "wrongful, fabricated foreclosure action" (Doc. 5, pg. 9).  However, the Court takes judicial notice that in the state court proceeding Maureen Alexander admitted that she ceased making payments on the mortgage on July 1, 2009, well before the filing of the foreclosure action in November 2009.  (Pls' Ex. A).

On November 25, 2009, Suntrust in its own name, but actually as servicer for Federal National Mortgage Association (Fannie Mae), filed a foreclosure action in state court.  The Plaintiffs attack the foreclosure case brought by Suntrust and claim that Suntrust obtained a "fabricated" allonge (which is a sheet of paper attached to a bill of exchange for the purpose of documenting endorsements, arising as a result of a lack of space on the bill itself) from ISGN Inc. and John Maldonado as agent for Choice Mortgage Bank.  The Plaintiffs assert that the allonge is void because it is undated, not authenticated, and not permanently affixed to the original note.

The Plaintiffs state that Nationstar was substituted as the Plaintiff in the foreclosure action on May 24, 2011.  There are also various substitutions of counsel in

the state case set out by the Plaintiffs and later another substitution of Christiana Trust as the Plaintiff in the foreclosure. But the Plaintiffs fail to report that Christiana was succeeded by Gorshen Mortgage REO, LLC (Gorshen). (state court docket sheet). The Plaintiffs make further assertions as to the actions of many of the named defendants in regard to the note and mortgage. The Plaintiffs also make many accusations regarding individuals and organizations that are not parties to this action.

Though not set out in the amended complaint, the Court notes that the state court foreclosure, which took about five years, has been concluded and the Plaintiffs have given up any rights they may have had in the property. In fact, the Plaintiffs settled the action in state court on July 7, 2014 and filed the amended complaint in this case on July 11, 2014.

## DISCUSSION

Firstly, the Court finds there is a real issue as to how John Korman has any standing in this case. The amended complaint never lays out any facts related to Mr. Korman and how he became a "title holder", if he indeed was an owner of any nature. The Court will defer that question because it can resolve the pending motions without making a ruling on that issue.

The Court has read this complaint as liberally as possible and tried to untie all the knots the Plaintiffs have set out in the incoherent 81 page complaint. The Court understands that loss of property through a foreclosure action is not a pleasant end for

the owner but the fact that an owner is dissatisfied does not mean that the foreclosure is somehow fraudulent. The state court is best equipped to determine all the matters pertaining to the foreclosure action and the state court in this matter had plenty of time to flesh out all the issues and to determine all the matters raised by these Plaintiffs. The Plaintiffs pursued many of the same issues below.

The Court finds that Defendant Suntrust has stated the crux of the matter in its motion to dismiss when it states that the Plaintiffs' complaint, which the Court finds applies to the amended complaint also, "in essence, recounts Plaintiffs' disputed characterizations of their experience in a completed state court proceeding. Despite the colorful language, the gravamen of Plaintiffs' Complaint appears to be the fact that a foreclosure action was brought against Plaintiffs in state court on November 25, 2009, and all of Plaintiffs' claims arise from the litigation in the state court proceeding."

The Plaintiffs have set forth the following causes of action: Count I fraud upon the court as to the Choice Defendants, as abetted by Suntrust, ISGN, Inc., John Maldonado and Nationstar; Count II violation of 15 U.S.C. § 1692(e) against Suntrust, Choice Defendants, Storey, Nationstar, Carrington, and Christiana, a division of Wilmington, and as trustee for Stanwich; Count III violation of 15 U.S.C. § 1692(j) as to Suntrust, John Maldonado, ISGN Inc., the Choice Defendants and Nationstar; Count IV violation of Fair Debt Collection Practices Act (FDCPA) as to Storey, Carrington, and Christina, a division of Wilmington, and as trustee for Stanwich; Count V for civil conspiracy as to Suntrust, ISGN Inc., the Choice Defendants, Storey, Nationstar, and Christina, a division of Wilmington, and as trustee for Stanwich; Count VI fraudulent

representation against Suntrust, ISGN Inc., John Maldonado, the Choice Defendants, Storey and Nationstar; Count VII for intrinsic fraud as to Suntrust, ISGN Inc., John Maldonado, and the Choice Defendants; Count VIII extrinsic fraud as to Suntrust, Nationstar and the Choice Defendants; and Count IX the Dodd-Frank Act, Truth in Lending Act, Real Estate Settlement Procedures Act as to Christiana, a division of Wilmington, and as trustee for Stanwich.

      The majority of the causes of action set out by the Plaintiffs are not federal cause of action; only Counts II, III, IV, and IX are attempts at stating federal causes of action. The Court can decline to take jurisdiction over ancillary state court causes of action unless the plaintiff has established diversity jurisdiction. These Plaintiffs have failed to even allege diversity jurisdiction and the Court notes there is certainly not complete diversity as several of the defendants are Florida residents, including the Choice Defendants and Storey. The Court finds it inappropriate to take supplemental jurisdiction over any of the state court causes of action in this case because the causes of action would confuse the issues on the federal causes of action, if they were to survive the motions to dismiss, and should be decided by a state court if the Plaintiffs have standing to bring the claims there.

      The Court could dismiss the state claims on that basis alone. However, the Court further finds that these causes of action should also be precluded from this complaint based on the Rooker-Feldman doctrine. As stated in: *State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C.,* 9 F.Supp.3d 1303 (M.D. Fla. 2014):

      The Rooker–Feldman doctrine prevents the federal district court from being

>  used as [an] alternate appellate jurisdiction; its use "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1273 (11th Cir.2009) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp</u>., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). With its ruling in <u>Exxon Mobil</u>, the Supreme Court limited the preclusive action of Rooker–Feldman to those suits filed in federal court "after the state proceedings ended[.]" <u>Exxon Mobil</u>, 544 U.S. at 291, 125 S.Ct. 1517. The Eleventh Circuit has defined the three scenarios of a state proceeding reaching its end: "(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved; (2) if the state action has reached a point where neither party seeks further action; or (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated." ... <u>Lozman v. City of Riviera Beach, Fla</u>., 713 F.3d 1066, 1072 (11th Cir.2013) (citing to Nicholson, 558 F.3d at 1275).

Therefore, the following causes of action are dismissed from this case with prejudice: Count I fraud upon the court as to the Choice Defendants, as abetted by Suntrust, ISGN, Inc., John Maldonado and Nationstar; Count V for civil conspiracy as to Suntrust, ISGN Inc., the Choice Defendants, Storey, Nationstar, and Christina, a division of Wilmington, and as trustee for Stanwich; Count VI fraudulent representation against Suntrust, ISGN Inc., John Maldonado, the Choice Defendants, Storey and Nationstar; Count VII for intrinsic fraud as to Suntrust, ISGN Inc., John Maldonado, and the Choice Defendants; and Count VIII extrinsic fraud as to Suntrust, Nationstar and the Choice Defendants.

It now falls to the Court to determine if the remaining causes of action-Count II violation of 15 U.S.C. §1692(e) against Suntrust, Choice Defendants, Storey, Nationstar, Carrington, and Christiana, a division of Wilmington, and as trustee for Stanwich; Count III violation of 15 U.S.C. §1692(j) as to Suntrust, John Maldonado,

ISGN Inc., the Choice Defendants and Nationstar; Count IV violation of Fair Debt Collection Practices Act (FDCPA) as to Storey, Carrington, and Christina, a division of Wilmington, and as trustee for Stanwich; and Count IX the Dodd-Frank Act, Truth in Lending Act, Real Estate Settlement Procedures Act as to Christiana, a division of Wilmington, and as trustee for Stanwich-survive the various motions to dismiss. There is a contention that these counts might be dismissed under the Rooker-Felman doctrine also but their dismissal need not rest on that doctrine. They will be dismissed on the merits. As to the first three counts, violations of the Fair Debt Collection Act, the Defendants make the following arguments for dismissal:

    1. Suntrust as to Counts II and III-the claims fail because the defendant is not a professional debt collector, the foreclosure action was not a debt collection, and the claims are time-barred.

    2. ISGN, Inc. as to Count III-the claim fails because the defendant is not a debt collector and there is no use of a false form to deceive Plaintiffs.

    3. The Choice Defendants as to Counts II and III- the claims fail because the statutes do not apply to the commercial debt alleged in this case and the claims are time-barred.

    4. Carrington as to Counts II and IV-the claims fail because the statutes do not apply to the investment property involved herein.

    5. Storey as to Counts II and IV-the claims fail since the complaint does not

assert a consumer debt, the validation was appropriate but, if not, the complaint establishes that there was no requirement for Storey to validate the debt due to the forfeiture of the right because of untimely application.

      6. Christiana as to Counts II and IV-the claims do not relate to a consumer debt as required.

      7.  Nationstar as to Counts II and III-the claims do not relate to a covered debt.

The Court has reviewed the motions and responses in this case and has determined that the defendants' arguments as to Counts II, III, and IV are well-taken. The incoherent complaint is difficult to decipher but the Court has found all the information taken together clearly establishes that the Plaintiffs' Counts II, III, and IV should be dismissed with prejudice.  There is no reason to allow an amendment because the claims would be defeated again as there is no jurisdiction for them to proceed forward.

      This leaves the last claim, Count IX as to Christiana, a division of Wilmington, and as trustee for Stanwich, for consideration.  Count IX asserts violation of the Truth in Lending Act and Real Estate Settlement Procedures Act.  Christiana moves for dismissal of this count on the same basis as raised as to the other three federal counts, the statutes do not apply to this debt as it is a debt on rental property.  As above, the Court finds the arguments of the defendant persuasive.

Accordingly, it is

**ORDERED** that John Maldonado, an individual, is dismissed from this case for failure to properly serve within the time allotted. The motions to dismiss as to Counts I, V, VI, VII and VIII are granted because the Court declines to take supplemental jurisdiction and the application of the Rooker-Felman doctrine. The motions to dismiss and for judgment on the pleadings as to Counts II, III, IV, and IX are granted based on the reasoning set out above. The cause of action is dismissed with prejudice. The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 5th day of March, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record